GEORGE E. BARDWIL & SONS *v.* UNITED STATES (No. 4815) [1]

---

[1] C. A. D. 583.

United States Court of Customs and Patent Appeals, February 8, 1955

*John D. Rode* for appellant.

*Warren E. Burger*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney, of counsel), for the United States.

[Oral argument December 7, 1954, by Mr. Rode and Mr. FitzGibbon]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Associate Judges

JOHNSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, pursuant to its decision, C. D. 1591, over-ruling the protests filed by appellant against the rate of duty applied by the Collector of Customs on an importation from Portugal, entered on August 8, 1951, consisting of certain banquet and luncheon sets, each composed of a table cloth and napkins in chief value of cotton or flax.

The Collector of Customs classified the imported merchandise for duty under the provisions of paragraph 1529 (a) of the Tariff Act of 1930 at 90 per centum ad valorem. The pertinent portion of this paragraph of the statute is:

Par. 1529 (a) * * * and fabrics and articles embroidered * * * when composed wholly or in chief value of filaments, yarns, threads * * * 90 per centum ad valorem.

The appellant, in his protests, claimed that the imported merchandise should have been classified under the provisions of paragraph 1529 (a) of the Tariff Act of 1930 as modified by Schedule XX of the General Agreement on Tariffs and Trade, T. D. 51802, at 70 per centum ad valorem. The pertinent portion of Schedule XX is:

| Tariff Act of 1930 paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 1529 (a) | Fabrics and articles (except wearing apparel), ornamented, but not in part of lace, however provided for in paragraph 1529 (a), Tariff Act of 1930, but not provided for in any other item 1529 (a) of this Part; | |
| | Wholly or in chief value of cotton_____ | 70% ad val. |
| | Wholly or in chief value of vegetable fiber other than cotton: | |
| | * * * * * | |
| | Other_____ | 70% ad val. |

This paragraph of Schedule XX will hereafter be referred to as "paragraph 1529 (a)—twelfth" since it is the twelfth recital under paragraph 1529 (a) in Schedule XX.

The General Agreement on Tariffs and Trade was entered into by the President of the United States under the authority of section 350 of the Tariff Act of 1930. The following portions of section 350 are applicable to this case:

Sec. 350 (a) * * * the President * * * is authorized from time to time—

(1) To enter into foreign trade agreements with foreign governments or instrumentalities thereof; and

(2) To proclaim such modifications of existing duties * * * as are required or appropriate to carry out any foreign trade agreement * * * The proclaimed duties and other import restrictions shall apply to articles the growth, produce, or manufacture of all foreign countries, whether imported directly, or indirectly * * * The President may at any time terminate any such proclamation in whole or in part.

Negotiations with respect to the formulating of the General Agreement on Tariffs and Trade were carried out at Geneva, Switzerland, and concluded on October 30, 1947. The portions of the General Agreement which are pertinent to the issue in the present case, as will be more fully developed hereafter, are:

* * * * * * *

WHEREAS (2) the period within which the President is authorized to enter into

.trade agreements under said section 350 (a) was extended by section 1 of the Act of July 5, 1945 until the expiration of three years from June 12, 1945 * * *

\* \* \* \* \* \* \*

WHEREAS (4) I, HARRY S. TRUMAN, President of the United States of America, have found as a fact that certain existing duties and other import restrictions of the United States of America, * * * the Republic of China, * * * are unduly burdening and restricting the foreign trade of the United States of America and that the purpose declared in said section 350 (a) of the Tariff Act of 1930, as amended, will be promoted by a trade agreement between the Government of the United States of America and the Governments of some or all of the above-named countries:

\* \* \* \* \* \* \*

### FINAL ACT

In accordance with the Resolution adopted at the First Session of the Preparatory Committee of the United Nations Conference on Trade and Employment, established by the Economic and Social Council of the United Nations on February 18, 1946,

The Governments of the COMMONWEALTH OF AUSTRALIA, * * * the REPUBLIC OF CHINA, * * * and the UNITED STATES OF AMERICA,

Initiated negotiations between their representatives, at Geneva on April 10, 1947, directed to the substantial reduction of tariffs and other trade barriers and to the elimination of preferences, on a reciprocal and mutually advantageous basis. These negotiations have terminated today and have resulted in the framing of a General Agreement on Tariffs and Trade and of a Protocol of Provisional Application, * * *

\* \* \* \* \* \* \*

Since all of the nations participating in the negotiations at Geneva were not in a position to sign the General Agreement there, the Protocol of Provisional Application, 82 Treas. Dec. 316, provided that it might be signed later at the Headquarters of the United Nations. The Republic of China was one of the nations not signing at Geneva. The pertinent portion of the Protocol of Provisional Application relating to the future signing of the General Agreement is:

\* \* \* \* \* \* \*

4. This Protocol shall remain open for signature at the Headquarters of the United Nations, * * * (b) until June 30, 1948, on behalf of any other Government signatory to the Final Act adopted at the conclusion of the Second Session of the Preparatory Committee of the United Nations Conference on Trade and Employment which has not signed it on this day.

\* \* \* \* \* \* \*

It was anticipated that all of the negotiating nations would not become, or remain, contracting parties to the General Agreement. The General Agreement on Tariffs and Trade therefore provided in Article XXVII thereof for the withholding or withdrawing of concessions granted. (See the fifth recitation of Presidential Proclamation 2908, *infra*.)

The President, in proclaiming the modifications in rates of duty necessary to carry out the terms of the General Agreement, withheld

certain concessions from becoming effective in said General Agreement on January 1, 1948, the date the General Agreement was to go into effect. The particular concession in issue in the present case, "paragraph 1529 (a)—twelfth," *supra*, was not withheld at this time.

On April 21, 1948, the Republic of China signed the Protocol of Provisional Application, and became a contracting party under the terms of the General Agreement. The President, after the signing by the Republic of China, published a proclamation on May 4, 1948, T. D. 51909, in which some of the concessions withheld in the General Agreement were granted. The pertinent portion of this proclamation is:

\*   \*   \*   \*   \*   \*   \*

WHEREAS (5) said protocol of provisional application has been signed by the Government of the Republic of China on April 21, 1948, and said Government will be a contracting party to said general agreement on May 22, 1948;

WHEREAS (6) I, HARRY S. TRUMAN, President of the United States of America, determine that the application of such of the concessions provided for in part I of schedule XX of said general agreement which were withheld from application in accordance with article XXVII of said general agreement by said proclamation of December 16, 1947 as are identified in the following lists is required or appropriate to carry out, on and after May 22, 1948, said trade agreement specified in the 1st recital of this proclamation: \* \* \*

\*   \*   \*   \*   \*   \*   \*

It is to be noted that the concession "paragraph 1529 (a)—twelfth," *supra*, which was not originally withheld, was not contained in the list which now came into effect since it was already in effect.

At a subsequent date, the Republic of China notified the Secretary General of the United Nations who in turn notified the Secretary of State on March 6, 1950 that it was the decision of said Republic of China to withdraw from the General Agreement on Tariffs and Trade in accordance with paragraph 5 of the Protocol of Provisional Application which is:

\*   \*   \*   \*   \*   \*   \*

5. Any Government applying this Protocol shall be free to withdraw such application, and such withdrawal shall take effect upon the expiration of sixty days from the day on which written notice of such withdrawal is received by the Secretary-General of the United Nations.

\*   \*   \*   \*   \*   \*   \*

The President then published Proclamation 2908, T. D. 52587, on October 12, 1950, withdrawing certain concessions. The portions of this proclamation applicable to this case are:

\*   \*   \*   \*   \*   \*   \*

3. WHEREAS, the Secretary General of the United Nations has informed the Secretary of State that on March 6, 1950, he was notified that it was the decision of the Government of the Republic of China, which was then a contracting party to the said General Agreement, to withdraw from the General Agreement on Tariffs and Trade, in accordance with paragraph 5 of the Protocol of Provisional

Application of the General Agreement and the Government of China is therefore no longer such a contracting party.

4. WHEREAS the said section 350 (a) of the Tariff Act of 1930, as amended, authorizes the President to terminate in whole or in part any proclamation carrying out a trade agreement entered into under such section;

- 5. WHEREAS Article XXVII of the said General Agreement referred to in the first recital of this proclamation provides as follows:

"Any contracting party shall at any time be free to withhold or *to withdraw* in whole or in part any concession, provided for in the appropriate Schedule annexed to this Agreement, in respect of which such contracting party determines that it was *initially negotiated* with a government which has not become, or *has ceased to be, a contracting party.* The contracting party taking such action shall give notice to all other contracting parties and, upon request, consult with the contracting parties which have a substantial interest in the product concerned." (Italics added.)

6. WHEREAS the concessions provided for in Part I of Schedule XX of the said General Agreement which are identified in the following list were initially negotiated with the Government of the Republic of China within the terms of the said Article XXVII:

| Item (paragraph) | Rates of Duty |
|---|---|
| * * * * | * * *. |
| 1529 (a) [twelfth] | 70% ad val. (both such rates) |
| * * * *: | * * * |

Now, THEREFORE, I, HARRY S. TRUMAN, President of the United States of America, acting under and by virtue of the authority vested in me by the Constitution and the statutes, including the said section 350 of the Tariff Act of 1930, as amended, do proclaim as follows:

### PART I

The said proclamation of December 16, 1947, as amended and rectified, and the said proclamations supplemental thereto referred to in the second recital of this proclamation are hereby terminated to the extent that, on and after the sixtieth day following the date of this proclamation they shall be applied as though the items and parts of items identified in the sixth recital of this proclamation were deleted from Part I of Schedule XX of the said General Agreement, * * *

* * * * * * *

It is to be noted from the above stated facts that the concession, "paragraph 1529 (a)—twelfth," was not originally *withheld* from the General Agreement on Tariffs and Trade, but was *withdrawn* from the General Agreement by Presidential Proclamation 2908, *supra*. It is upon this particular aspect of the above facts, as they relate to Article XXVII, *supra*, that appellant primarily bases his case. More specifically, appellant contends that there is an inconsistency between the fact that "paragraph 1529 (a)—twelfth" was not withheld from the General Agreement while the Republic of China was only a negotiating party and not a contracting party thereto, and the fact that "paragraph 1529 (a)—twelfth" was withdrawn by Presidential Proclamation 2908 because the Republic of China ceased to be a contracting

party to said General Agreement. Thus appellant in essence contends that since the concession was never withheld and was in effect before the Republic of China was a contracting party to said General Agreement, that the concession could not have been withdrawn under Article XXVII because of the fact that the Republic of China withdrew from the General Agreement.

The question which appellant states is to be resolved by this court is:

Did the President's Proclamation of October 12, 1950 (T. D. 52587) terminate the concession identified as item 1529 (a) (twelfth) in Schedule XX of the General Agreement on Tariffs and Trade, where such concession was made effective before the Republic of China signed the Protocol of Provisional Application and where such concession was not withheld under Article XXVII of the said General Agreement?

The answer to the question presented by appellant depends on the interpretation of Article XXVII, *supra*. However, before appellant's question can be answered, it is deemed that two questions which are ancillary to appellant's question must be answered. These questions are:

(1) Was the Republic of China a contracting party to said General Agreement within the meaning of Article XXVII?
(2) Was the specific concession "paragraph 1529 (a)—twelfth" initially negotiated with the Republic of China?

If both of these questions, (1) and (2), *supra*, are answered in the affirmative, then it must be held, in answer to appellant's question, that the President's Proclamation terminated the concession "paragraph 1529 (a)—twelfth" in accordance with Article XXVII. The purpose of finding the answers to questions (1) and (2) is to determine whether the actual facts are in conformance with the provisions of Article XXVII. More specifically, the only conditions for a contracting party's withdrawal of a specific concession, as set forth in Article XXVII, are that the concession must have been *initially negotiated* with a nation which has not become or has *ceased to be a contracting party*. The answers to questions (1) and (2), *supra*, will reveal if these conditions exist.

Relative to question (1), *supra*, there is no doubt that the Republic of China was one of the original nations which negotiated generally with respect to the General Agreement on Tariffs and Trade. (See the Final Act of the General Agreement on Tariffs and Trade, *supra*.) Notwithstanding the fact that the Republic of China had not yet become a contracting party to the General Agreement on January 1, 1948, the date it went into effect, the Republic of China did become a contracting party on May 22, 1948 by signing the Protocol of Provisional Application on April 21, 1948 in accordance with paragraph 4 thereof, *supra*. Thus in view of the above stated facts, the Republic of China, which was only a negotiating party relative to

the General Agreement on January 1, 1948, became a contracting party to said General Agreement subsequent to this date, namely, on May 22, 1948, by virtue of its compliance with paragraph 4 of the Protocol of Provisional Application. That the Republic of China did become a contracting party, and was considered such by the United States, is stated in paragraph 5 of T. D. 51909, *supra*. Thus it can be seen that the Republic of China was both a negotiating party and a contracting party with respect to the General Agreement, and therefore a contracting party within the meaning of Article XXVII. The answer to question (1), *supra*, must therefore be in the affirmative.

Relative to question (2), *supra*, it remains to be ascertained whether the specific concession, "paragraph 1529 (a)—twelfth," was initially negotiated with the Republic of China, which ceased to be a contracting party. If this concession was *initially negotiated* with the Republic of China, a *contracting party* to said General Agreement, then all of the conditions necessary for the withdrawal of the concession by the United States under Article XXVII, *supra*, have been met.

The sixth recital of Proclamation 2908, *supra*, states as a fact that the concession in question was initially negotiated with the Republic of China. Appellant has introduced no evidence to the contrary. Whenever a statute gives discretionary power to any person, to be exercised upon his own opinion of certain facts, the statute constitutes him the exclusive judge of the existence of those facts. *United States* v. *George S. Bush & Co., Inc.*, 310 U. S. 371. Therefore it must be held that all of the facts set forth in Presidential Proclamation 2908, *supra*, exist, especially in view of no evidence to the contrary, and that the concession in issue, "paragraph 1529 (a)—twelfth," was initially negotiated with the Republic of China.

However, in addition to the statement in the sixth recital of Presidential Proclamation 2908, *supra*, which states as a fact that the specific concession in question was initially negotiated with the Republic of China, there are publications which substantiate this fact.

The first of these publications is published by the United States Tariff Commission, which is the body which advises the President and supplies him with information relative to imports into the United States of commodities which may be included in trade agreement negotiations. Section 4, act of June 12, 1934, 48 Stat. 943, 945, as amended July 5, 1945, c. 269, § 4, 59 Stat. 411. (For a history of the function of the United States Tariff Commission, see *Norwegian Nitrogen Products Co.* v. *United States*, 288 U. S. 294.) This Tariff Commission publication is:

*Operation of the Trade Agreements Program, June 1943 to April 1948*, Report No. 160, second Series, Washington, 1949.

In Part III of this publication, which relates to concessions granted by the United States, the foreword, page III, states:

\*   \*   \*   \*   \*   \*   \*

This report reviews the operation of the trade agreements program from its initiation on June 12, 1934 to April 1948. It covers all trade agreements completed during that period, including the General Agreement on Tariffs and Trade entered into at Geneva, Switzerland, \* \* \*

\*   \*   \*   \*   \*   \*   \*

On page 87, Part III, it is stated:

\*   \*   \*   \*   \*   \*   \*

In tables 33–35 information is given as to countries with which concessions relating to the rates of duty (whether reductions or bindings) were negotiated.[5] \* \* \*

\*   \*   \*   \*   \*   \*   \*

Footnote 5 states:

The Geneva agreement was signed simultaneously with 22 countries in addition to the United States, \* \* \* However, as to each article, negotiations were conducted exclusively, or chiefly, with some one country, that country being indicated in tables 33 and 35 by an asterisk (\*).

Table 33, beginning on page 88 of Part III is entitled:

United States imports in 1939 of principal articles on which the Geneva agreement fixed rates lower than those in effect before any changes were made by trade agreements

(\*=Country with which bargaining was conducted at Geneva. \* \* \*)

On page 111 of table 33 under paragraph 1529 (a) which relates to the concession in issue in this case, China is listed with an asterisk beside it indicating that this concession was negotiated with China at Geneva.

Since publications of the Tariff Commission have been used by this Court in the past for obtaining pertinent information relative to trade agreements, *United States* v. *Good Neighbor Imports, Inc.*, 33 C. C. P. A. (Customs) 91; *United States* v. *Weigert—Dagen et al.*, 39 C. C. P. A. (Customs) 58, we feel that the above cited report must be used in this case for the purpose of complementing the sixth recital of Presidential Proclamation 2908, *supra*, which states as a fact that the negotiations relative to the concession in issue in this case were initially carried out between the Republic of China and the United States.

The following publication was also cited in the briefs as indicating that negotiations relative to the concession in issue were carried out with the Republic of China:

General Agreement
on Tariffs and Trade
Schedule XX.
United States of America
Annotated to show Countries
with which Concessions were
Initially Negotiated at Geneva
in 1947.
The Department of State

On page 157 of this publication the concession in issue in this case is listed as having been initially negotiated with the Republic of China. However, since we have already determined that such negotiations were carried out, we deem it unnecessary to discuss this publication further.

Therefore, since both the above publications and recital 6 of Presidential Proclamation 2908, *supra*, state that the concession in issue was initially negotiated with the Republic of China, our answer to question (2), *supra*, must be in the affirmative.

As set forth above, it can be seen that the Republic of China was both a *contracting party* to said General Agreement, and that the concession "paragraph 1529 (a)—twelfth" was *initially negotiated* with said Republic of China. The above facts also show that the Republic of China *ceased to be* a contracting party to said agreement.

Keeping these facts in mind, we will now analyze Article XXVII, *supra*, of the General Agreement on Tariffs and Trade, paying special attention to the italicized portions thereof. The only conditions for withdrawing a concession by a contracting nation, according to Article XXVII, are that the specific concession must have been (1) *initially negotiated* with a government which (2) has not become, or *has ceased to be*, (3) a *contracting party* to said General Agreement. Therefore, Article XXVII rephrased and applied to the present case states, in our opinion, that if the United States, one of the negotiating and contracting parties to said General Agreement, *initially negotiated* said concession "paragraph 1529 (a)—twelfth" with the Republic of China, another of the negotiating parties, and later a *contracting party*, then the United States is free to withdraw said concession if the Republic of China *ceased to be* a *contracting party*. There is no statement in Article XXVII that the nation against which a concession is to be withdrawn must have been a contracting party to said General Agreement at the time it went into effect on January 1, 1948, or that a concession, which was in effect prior to a foreign nation's becoming a contracting party to said General Agreement, cannot be withdrawn after said foreign nation ceases to be a contracting party.

There is one other contention made by appellant which we feel that we must discuss. This contention relates to the fourth recital of Presidential Proclamation 2908, *supra*. Appellant in essence states that section 350 (a) of the Tariff Act of 1930, *supra*, does not authorize the President to terminate any concession made pursuant to the Geneva agreement. We feel that this contention is without merit. The President entered the General Agreement by proclamation under the authority of section 350, *supra*, and it follows that he may *at any time terminate* any such agreement *in whole or in part*, this provision for termination being expressly made in said section. It has long been held that where Congress has authorized a public officer

to take some specified legislative action when in his judgment that action is necessary or appropriate to carry out the policy of Congress, the judgment of the officer as to the existence of facts calling for that action is not subject to review. *United States* v. *George S. Bush & Co., Inc., supra.* Furthermore, neither the action of Congress in fixing a new tariff nor that of the President in exercising his delegated power is subject to impeachment if the prescribed forms of legislation have been regularly observed. *Norwegian Nitrogen Products Co.* v. *United States, supra.* Appellant has not contended or shown that the prescribed forms of legislation were not observed. We must therefore assume that the prescribed forms of legislation were observed.

We therefore feel, in view of the foregoing holdings, that the action of the President in withdrawing the concession in issue from the General Agreement on Tariffs and Trade is both within the scope of section 350 of the Tariff Act of 1930 and within Article XXVII of the General Agreement on Tariffs and Trade.

For the reasons hereinbefore stated, the judgment appealed from is *affirmed.*